**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph BEDAMI, Jr. and Anthony Crapero, Defendants-Appellants.**

No. 76–2010
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1976.

Rehearing Denied Oct. 15, 1976.

Henry Gonzalez, James R. Yon, Tampa, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Martin L. Steinberg, Miami, Fla. (Strike Force—Miami Office), Ronald W. Rose, Miami, Fla. (Strike Force—Miami Office), for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The appellants were found guilty in a jury trial of conspiracy to import narcotics under 21 U.S.C. §§ 952, 963. Following the verdict, the trial judge granted appellants' motion to dismiss the indictment based on certain instances of government misconduct. *United States v. Acosta*, S.D.Fla. 1974, 386 F.Supp. 1072. The government appealed. This Court reversed the district court and ordered the verdicts reinstated, *United States v. Acosta*, 5 Cir., 526 F.2d 670, *cert. denied* 1976, —— U.S. ——, 96 S.Ct. 2625, 49 L.Ed.2d 373. On remand the appellants were sentenced. They now appeal their convictions.

The chief ground on which appellants rest their appeal is that appellants were denied due process by virtue of prosecutorial misconduct, including the government's offering consideration such as favorable tax treatment, probation, and promises of immunity to government witnesses, as well as the government's failure to produce evi-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

dence favorable to appellants. The appellants' argument is familiar to this Court, having been the basis of their motion to dismiss the indictment. In the panel decision reversing the district court's order granting that motion, we found that "the tactics in issue had no prejudicial influence on the outcome of the case. If anything, those tactics, [which were] fully exposed to the jury, should have redounded to the benefit of the defense." 526 F.2d at 674. The holding that the alleged prosecutorial misconduct did not amount to reversible prejudice is the law of this case.

The appellants concede that we have already decided against them on this point. They urge that when conjoined with additional arguments they now make for the first time, however, the alleged prosecutorial misconduct should be sufficient to reverse their convictions. The additional considerations urged are without merit. The judgment of the district court is

AFFIRMED.